# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Kathleen Stegman,**

   **Plaintiff,**

v.                  Case No. 14-2445-JWL

**Unified States of America,**

   **Defendant.**

## MEMORANDUM & ORDER

  Plaintiff Kathleen Stegman filed this suit under the Crime Victims' Rights Act, 18 U.S.C. § 3771 (CVRA), alleging that she is the victim of identity theft with respect to federal income tax returns filed for tax years 2012 and 2013. In her complaint, Ms. Stegman seeks an order compelling the United States to provide her with information it has obtained in connection with its investigation of the allegedly fraudulent tax refund scheme. Ms. Stegman further seeks a declaration that the United States has violated her rights under the CVRA and an award of attorneys' fees and costs. This matter is presently before the court on the Unified States of America's motion to dismiss plaintiff's complaint (doc. 9) for failure to state claim upon which relief can be granted. As will be explained, the motion is granted.[1]

  As alleged by Ms. Stegman in her complaint, IRS Special Agent Randall Praiswater and Assistant United States Attorney Jabari Wamble notified Ms. Stegman in June 2014 that Ms.

---

[1] In its motion, the United States also states that dismissal is appropriate under Rule 12(b)(1) for lack of subject matter jurisdiction but the contours of this argument are not clear to the court. To the extent the government argues that any claim for damages is barred by the doctrine of sovereign immunity, that argument is moot because Ms. Stegman has not asserted a claim for damages.

Stegman was a victim of stolen identity tax refund fraud for tax years 2012 and 2013. Ms. Stegman alleges that her name and/or social security number was used on federal income tax returns filed with the IRS without her knowledge or consent. Ms. Stegman alleges that she is thus a "crime victim" under the CVRA and that she asserted her rights under that Act by requesting records related to the crime from the United States. Specifically, Ms. Stegman asserts that she made a written request to Special Agent Praiswater and Mr. Wamble for copies of the tax returns filed in her name without her consent; metadata collected by the IRS in connection with the fraudulent tax returns; the name or names of any known individual involved in the identity theft scheme; and a "status update" on the "progress of the investigation into the possible identity theft." The government refused Ms. Stegman's request but suggested that Ms. Stegman could obtain copies of the tax returns by visiting an IRS walk-in location and making a request in person. According to Ms. Stegman, she spent 40 minutes at an IRS walk-in location but was denied the information sought. It is undisputed that the grand jury has not returned an indictment with respect to the alleged identity theft and no charges have been filed.

The purpose of the CVRA is "to permit victim participation in ongoing criminal matters." *In re Autobus*, 563 F.3d 1092, 1099 (10th Cir. 2009). In her complaint, Ms. Stegman alleges that the United States violated three rights specifically enumerated in the CVRA—her "right to be reasonably protected from the accused," *see* 18 U.S.C. § 3771(a)(1); the "right to proceedings free from unreasonable delay," *see id*. § 3771(a)(7); and the "right to be treated with fairness and respect for the victim's dignity and privacy," *see id*. § 3771(a)(8). Quite clearly, Ms. Stegman cannot state a claim for relief based on a violation of the rights set forth in subsections (a)(1) and (a)(7). Subsection (a)(1) protects a victim from "the accused." Because it is undisputed that the

2

United States is still investigating the crime, no arrests have been made, and the grand jury has not returned an indictment, there is no "accused" person from whom Ms. Stegman may seek protection for purposes of the CVRA. *See United States v. Daly*, 2012 WL 315409, *4 (D. Conn. 2012) ("A person is not 'the accused' [for purposes of the CVRA] absent an indictment by the grand jury or some action by the government to bring a charge; one does not become 'the accused' simply because another person complains."). Similarly, subsection (a)(7) provides a right to "proceedings" free from unreasonable delay, but there are no "proceedings" underway in connection with the crime described by Ms. Stegman in her complaint. *See id*. at *4 (there are no "proceedings" for purposes of the CVRA until an offense has been charged); *In re Peterson*, 2010 WL 5198692, at *1-2 (N.D. Ind. 2010) (dismissing claim asserting violation of subsection (a)(7) because that right attaches only after charges have been brought and a case has been opened).[2]

That leaves only Ms. Stegman's assertion of a violation of her right to be treated "with fairness and respect" for her "dignity and privacy" under subsection (a)(8). Even assuming that

---

[2] While Ms. Stegman contends that her rights under the CVRA attach "before the government brings formal charges," the cases she relies on for that principle nonetheless require at a minimum the identification of an accused person. *See Does v. United States*, 817 F. Supp. 2d 1337, 1341 (S.D. Fla. 2011) ("proceedings" for purposes of the CVRA could include initial appearances and bond hearings which may take place before a formal charge); *United States v. Rubin*, 558 F. Supp. 2d 411, 417 n.5 (E.D.N.Y. 2008) (noting in dicta that judicial vindication of CVRA rights outside the context of an actual prosecution is possible but there must exist "an accused" person; victims in the case sought enforcement of rights within context of pending criminal prosecution); *United States v. Okun*, 2009 WL 790042, at *2 (E.D. Va. 2009) (victims are permitted to exercise CVRA rights before a determination of the defendant's guilt); *In re Dean*, 527 F.3d 391, 394 (5th Cir. 2008) (CVRA rights attached prior to prosecution where corporate defendant was identified through extensive litigation and government commenced ex parte proceedings concerning potential federal criminal charges immediately prior to entry of plea agreement).

3

this right attaches before an offense has been charged, *but see United States v. Daly*, 2012 WL 315409, at *4 (D. Conn. 2012) (the "logical" interpretation of the CVRA is that none of the eight rights enumerated in the statute come into play "no sooner than the point in time when an offense has been charged"), the allegations in her complaint fail to state a claim for relief.  Ms. Stegman alleges that she submitted a written request to the United States for specific information about the identity theft scheme (including copies of the tax returns, metadata collected by the IRS in connection with the tax returns, the names of any known individuals involved in the scheme, and a "status update" on the "progress of the investigation") and that United States refused her request.  She further alleges that the United States Attorney sent her on a "wild goose chase" to an IRS walk-in location to obtain certain documents but that her efforts were futile.

The United States Attorney, however, does not have an obligation under the CVRA to confer with Ms. Stegman or to disclose anything in its investigative file to her.  *See In re Petersen*, 2010 5108692, at *2 (N.D. Ind. 2010) (even if rights set forth in § 3771(a)(8) attach before prosecution is underway, no plausible claim for relief under the CVRA where petitioners alleged that U.S. Attorney was "indifferent" to victims, failed to prosecute crimes and failed to confer with petitioners).  As explained by the district court in *United States v. Rubin*, the CVRA "does not authorize an unbridled gallop to any and all information in the government's files." 558 F. Supp. 2d 411, 425 (E.D.N.Y. 2008); *see also United States v. Moussaoui*, 483 F.3d 220, 237-38 (4th Cir. 2007) (CVRA did not authorize district court to order government in criminal case to disclose discovery materials to civil victims for use in litigation).  In the absence of any authority supporting the notion that the CVRA requires the government to produce to Ms.

Stegman anything from its investigative file, Ms. Stegman cannot establish a violation of her right under subsection (a)(8).  *See United States v. Hunter*, 2008 WL 110488, at *1-2 (D. Utah 2008) (despite broad promise in CVRA that victims will be treated with fairness, "granting rights to the prosecution's discovery file . . . is a significant right to append to the CVRA.").

**IT IS THEREFORE ORDERED BY THE COURT THAT** the United States of America's motion to dismiss (doc. 9) is granted.

**IT IS SO ORDERED.**

Dated this 19th day of February, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge